20369

The STATE, Respondent, v. Elmer Hughes Stone CONYERS, Appellant.

(233 S. E. (2d) 95)

*Messrs. Richard G. Dusenbury, William B. Tyson, Jr.,* and *Eugene A. Fallon, Jr.,* of Florence, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Joseph R. Barker, Asst. Atty. Gen.,* of Columbia, and *T. Kenneth Summerford, Sol.,* of Florence, *for Respondent,*

March 1, 1977.

Lewis, Chief Justice.

Appellant was convicted on October 3, 1975 and sentenced to life imprisonment for the murder by poisoning of her husband, Milton Reese Conyers, who died on April 17, 1973 from arsenic poisoning. She appeals, charging error (1) in the admission of testimony which attempted to show that she had previously administered arsenic poison to four other persons; (2) in the refusal to quash the indictment because

of the subsequent amendment of the statute under which she was prosecuted; (3) in permitting testimony concerning alleged privileged communications between an attorney and his client; (4) in refusing to permit the contradiction of a witness for the State by prior inconsistent statements; (5) in that she had been deprived of a lawful preliminary hearing by the failure of the State to present certain witnesses to testify; and (6) in failing to instruct the jury that they might consider whether the deceased came to his death by suicide.

The State was permitted to introduce, over objection, evidence of the poisoning of John Van Bazen, appellant's son-in-law; Louise Opal Conyers, appellant's mother-in-law; Willie Graham Stone, appellant's first husband; and Iris Stevens, a potential business partner of appellant. In each of these other instances, the State sought to show that arsenic was administered to the victim by appellant.

Appellant argues that the evidence of other poisonings was inadmissible because it related to crimes other than the one for which she was being tried; and that the other crimes, if otherwise admissible, were not established by the requisite degree of proof. The State offered the evidence of the other crimes to show motive, knowledge, intent, and a plan or scheme on the part of appellant.

Our decisions adopt the general rule that evidence of the commission by the accused of another crime independent of, and unconnected with, the one on trial is inadmissible. At the same time, these cases recognize exceptions to the general rule and permit such testimony where it directly supports some substantial element of the State's case, as where the purpose is to prove motive, intent, absence of mistake or accident, a common scheme or plan embracing several crimes so related to each other that proof of one tends to establish the other, and the identity of the wrongdoer. *State p. Thompson,* 230 S. C. 473, 96 S. E. (2d)

471; *State p. Gregory,* 191 S. C. 212, 4 S. E. (2d) 1; *State v. Lyle,* 125 S. C. 406, 118 S. E. 803.

Because of the potential for prejudice from the admission of testimony of other crimes, it is generally held that proof of the other crime must be clear and convincing—See: 1 Wharton's Criminal Evidence (13th ed.), Section 263; 22A C. J. S. Criminal Law § 690; *State v. Lyle,* 125 S. C. 406, 118 S. E. 803.

While, after a careful review of the testimony, we are convinced that the trial judge properly admitted evidence of the poisoning of Bazen, Louise Conyers, and Iris Stevens, it was clearly error to admit the testimony attempting to show that appellant poisoned Willie Graham Stone, her first husband. Her first husband died in 1967 and the victim in this case died in 1973, about six (6) years later. When the body of the first husband was exhumed it contained the highest level of arsenic of any of the victims of the "other crimes" considered.

There was very little evidence, however, to establish that appellant poisoned her first husband other than the fact that she was his wife and he had some life insurance. This evidence alone was insufficient to establish the identity of appellant as the actor in poisoning her first husband. The admission of this testimony was clearly prejudicial and requires that a new trial be granted.

Appellant moved to quash the indictment upon the ground that her indictment in September 1975 for a murder committed on April 17, 1973, was barred because of an amendment in 1974 to the statutory penalty provisions for murder.

The indictment charged that appellant murdered her husband by poisoning on April 17, 1973. At the time the offense was allegedly committed, April 1973, the punishment for murder was, pursuant to Code Section 16-52, death, or life imprisonment if the jury recommended mercy.

In July 1974, the General Assembly amended Section 16-52 by making the death penalty for murder mandatory under certain circumstances. The amendatory act contained the following clause: (Section 6, Act No. 1109, 1974 Acts)

"Law not to be retroactive—Any person arrested, charged or indicted under Section 16-52 prior to the enactment of this Act shall be tried and sentenced as provided by the law in force at the time of the commission of the crime."

Although Section 16-52 provided for the death penalty prior to its amendment in 1974, the death penalty provisions had been rendered unenforceable by *Furman v. Georgia,* 408 U. S. 238, 92 S. Ct. 2726, 33 L. Ed. (2d) 346; and the State correctly conceded that the punishment for murder at the time of the commission of the alleged crime by appellant, was life imprisonment. Appellant was therefore sentenced to life in accordance with the penalty provisions of the statute in force at the time of the commission of the crime.

Admittedly the 1974 amendment to the penalty provisions of Section 16-52 would not apply to appellant because the crime allegedly committed by her occurred prior to the amendment. She contends that, since she was neither arrested, charged, nor indicted prior to the 1974 amendment, her indictment is barred by the above quoted language of the 1974 version.

There is no merit in this contention. The quoted language admittedly did not apply to appellant because, although the crime was committed prior to the amendment, no action was taken against her until after its adoption.

Clearly there is no *ex post facto* application of Section 16-52, since appellant was not subject to an increase in punishment nor an act making criminal an offense not criminal at the time the offense was committed. *State v. Malloy,* 95 S. C. 441, 78 S. E. 995.

The intent of the quoted amendment to Section 16-52 was to make clear that the amendment would have no retroactive

application. There is nothing in the language to indicate that the General Assembly intended to grant immunity from prosecution to a defendant such as appellant, who committed murder before the amendment but was charged afterward.

The amendment of 1974 to Section 16-52 *did not repeal* its prior provisions but simply changed the penalty for murder committed thereafter, leaving the prior penalty provisions applicable to crimes committed before the amendment.

Appellant also charges error in the refusal of the trial judge to allow the impeachment of the State's witness John Van Bazen by extrinsic evidence of prior inconsistent statements made at the preliminary hearing. This ruling by the trial judge was clearly error. Since a new trial is granted on other grounds, we need not pursue the State's contention that, even if error, the ruling was not prejudicial to appellant.

The next question is based upon exceptions charging that prejudicial error was committed in (1) admitting testimony of appellant's former counsel as to consultations with him concerning insurance on the life of her first husband and (2) permitting the Solicitor to question her concerning her attempt to employ him to represent her in connection with the Opal Conyers estate (one of the victims in the other alleged crimes). Objection was made in each instance on the ground that the testimony violated the attorney-client privilege.

Since we have held that evidence of the poisoning of her first husband was inadmissible, of course, testimony of her former counsel would also be excluded.

In the cross-examination of appellant by the Solicitor, he was permitted to elicit from her that she and her husband sought to employ him in connection with the estate of Opal Conyers, her mother-in-law, and that he had refused because of a conflict of interest.

The relationship of attorney and client was never consummated and there was no communication except as to the gen-

eral object of the intended employment. The testimony here amounts to no more than divulging the fact that an attempt was made to employ counsel. Such fact is not privileged and there was no error in admitting the testimony.

The contention that appellant was not afforded a lawful preliminary hearing because hearsay testimony was admitted is overruled. *State v. Williams,* 263 S. C. 290, 210 S. E. (2d) 298. In any event, the granting of a new trial eliminates any basis for any further claim of prejudice to appellant.

We find it unnecessary to determine the question raised concerning the charge to the jury.

The judgment is accordingly reversed and a new trial granted.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.