23159

The STATE, Respondent v. Ralph Donnell COLEMAN, Appellant.
(389 S. E. (2d) 659)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey*, of *S. C. Office of Appellate Defense*, of Columbia, and *Public Defender H. F. Partee*, Greenville, *for appellant*.

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Amie L. Clifford*, Columbia, and *Sol. Joseph J. Watson*, Greenville, *for respondent*.

Heard Jan. 8, 1990.

Decided Feb. 20, 1990.

HARWELL, Justice:

Appellant Ralph Donnell Coleman was indicted for the murder and armed robbery of Ronald Taylor. Appellant was convicted of murder and received a life sentence. He was acquitted on the armed robbery charge. This appeal follows.

## I. FACTS

On the afternoon of Thursday, July 9, 1987, Ronald Taylor (victim) went to the private bar where he worked as the doorman and stocker. Thereafter, the victim and Chris Harrison (Chris), the lounge's disc jockey, left to get supplies. At approximately 8:00 p.m. that night, the victim reported for work. Chris and Brenda Sawyer (Brenda) were also working that night. At approximately 2:00 a.m. on Friday, July 10, 1987, appellant, who was a friend of the victim's, entered the bar and ordered a beer. Appellant's appearance was unusual; he was sweating, his eyes were dilated, and his jaw was clenched. After talking to appellant, the victim told Brenda to give appellant $35.00 out of the cash register. Appellant apparently left the bar.

At 4:45 a.m., appellant returned to the bar. He was still sweating profusely, his eyes were bulging, his jaw was clenched, and he was "wired." Appellant spoke briefly with the victim, who was stocking the beer cooler. After the victim was overheard saying to appellant, "Come on, show me," they both walked outside. As the bar was closing at 5:00 a.m., Chris and Brenda noticed the victim was not in the bar. When Brenda went outside at 5:30 a.m., she saw the victim's car and went back inside and called for him. The victim was not inside so Brenda and Chris locked the bar and left.

At approximately 6:00 a.m., the victim's body was found on Atlas Road, the road on which the bar is located, by the police. An autopsy revealed that the victim's death resulted from massive trauma to the head caused by at least three blows to the head from a blunt instrument. Based upon two warrants, the police searched and seized several items from appellant's apartment and van. They also searched the dumpster located near appellant's apartment. The State elicited testimony which allegedly linked these items to appellant and the murder.

## II. DISCUSSION

### A. ADMISSION OF EVIDENCE THAT APPELLANT WAS A SOCIAL USER OF COCAINE

Over defense counsel's objection, an arresting officer testified that during his interrogation of appellant, appellant told him that although he was a social user of cocaine, he was not addicted to the drug. The police officer admitted that he did not ask appellant if he was using cocaine on the night of the murder. It appears that the State sought to introduce this testimony to show a drug transaction gone awry as the motive for the murder or to raise the inference that because appellant had previously used cocaine, he was also using it on the morning of the murder. Appellant argues the trial judge erred in allowing this testimony because it improperly placed his character into evidence.

The conduct of a trial, including the admission and rejection of proffered testimony is left largely to the sound discretion of the trial judge whose ruling will not be dis-

turbed on appeal unless it can be clearly shown that there has been an abuse of discretion, a commission of legal error in its exercise, and the rights of the complaining party have been thereby prejudiced. *State v. Gregory*, 198 S. C. 98, 16 S. E. (2d) 532 (1941). In *State v. Johnson*, 293 S. C. 321, 324, 360 S. E. (2d) 317, 319 (1987), we stated:

> It is well established that evidence of other crimes or prior bad acts is inadmissible to show criminal propensity or to demonstrate the accused is a bad individual. Evidence of other crimes is never admissible unless necessary to establish a material fact or element of the crime charged. (Citations omitted.)

We recognize that evidence which incidentally involves a prior bad act can be admissible for a limited purpose. *See State v. Johnson, supra.* Here, no such purpose appears and we find that the trial judge abused his discretion and committed legal error in admitting such evidence. While there was testimony that appellant appeared "wired" on the morning of the murder, there was no evidence to suggest appellant's condition was the result of cocaine use. Further, there was nothing in the record to support the inference that the victim and appellant were involved in a drug transaction. Evidence of appellant's social use of cocaine was therefore incompetent to establish his state of mind at the time of the murder or a motive for the murder. In fact, the only function of this evidence was to demonstrate appellant's bad character and social irresponsibility. The prejudice to appellant as a result of the admission of this evidence far outweighed its probative value, if any.

### B. SOLICITOR'S CLOSING ARGUMENT

On the night of the murder, several soldiers were seen in the bar. They left approximately five or ten minutes before the victim and appellant were seen leaving the bar. On direct examination by the State, Terry B. Christy, an investigating officer, testified that he had tried to locate the people who had last seen the victim. He stated that he had located and talked to the two soldiers about whether they had any knowledge regarding the case. On cross-examina-

tion of Officer Christy, defense counsel questioned him about a report of two "grungy" people in jumpsuits who had visited the victim in the bar earlier that day and about a yellow car that was seen speeding by the bar that night. Officer Christy testified that he had insufficient information to follow up on those leads.

During the cross-examination of Paul Stombaugh, the State's fiber and footprint expert, defense counsel again raised matters concerning the two soldiers. Stombaugh admitted that at one time, the police had other suspects including the soldiers. It appears that defense counsel was attempting to cast guilt on someone other than apellant and trying to show that the police focused their investigation on appellant to the neglect of other leads in the case.

Thereafter, the solicitor in his closing argument, commented on the fact that a great deal of defense counsel's cross-examination concerned the two soldiers. He continued by stating that he did not call the soldiers in as witnesses because there was nothing probative in their statements. Defense counsel objected to this line of argument because it permitted the solicitor's alleged personal knowledge of the soldiers' non-involvement to be argued to the jury. In overruling the objection, the trial judge stated that it was within the jury's determination as to what weight and credibility the testimony and evidence should be given.

The trial judge is vested with broad discretion in dealing with the propriety of the solicitor's closing argument and once he has allowed the argument to stand, the appellant bears the burden of demonstrating the argument had the effect of denying him a fair determination of the issues involved. *State v. Middleton,* 295 S. C. 318, 368 S. E. (2d) 457 (1988); *State v. Linder,* 276 S. C. 304, 278 S. E. (2d) 335 (1981).

> The revelant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' *Donnelly v. DeChristoforo,* 416 U. S. 637, 94 S. Ct. 1868, 40 L. Ed. (2d) 431 (1974).

*Darden v. Wainwright,* 477 U. S. 168, 181, 106 S. Ct. 2464, 2471, 91 L. Ed. (2d) 144, 157 (1986). On appeal, the alleged

improriety of the argument will be reviewed in context of the entire record. *State v. Linder, supra.*

After a review of the challenged argument in the context of the entire record, we find that it unfairly prejudiced appellant's right to a fair trial. Despite the elementary proposition of *State v. Cannon,* 229 S. C. 614, 93 S. E. (2d) 889 (1956) that counsel in a criminal case must confine themselves to the record in addressing the jury, the jury in the present case was effectively presented with testimony from the solicitor as if he had taken the stand himself.

For the reasons discussed above, we reverse appellant's conviction for murder and his life sentence and remand for a new trial. We need not address appellant's remaining exceptions.

Reversed and remanded.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.