23272

The STATE, Respondent v. Kenneth BOLDEN, Appellant.
(398 S.E. (2d) 494)

Supreme Court

*Richard A. Harpootlian,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia; and *Sol. Joseph J. Watson,* Greenville, *for respondent.*

Heard March 6, 1990.

Decided Oct. 8, 1990.

GREGORY, Chief Justice:

Appellant was convicted of armed robbery and possession of a weapon in the commission of a violent crime. He was sentenced respectively to concurrent terms of twenty years and five years. We reverse and remand.

On November 17, 1987, at approximately 6:10 a.m., the desk clerk at the La Quinta Inn in Greenville was robbed by a man carrying a pistol. The victim identified appellant as the perpetrator. Appellant admitted at trial that he checked into the motel with Lula Mae Gray sometime around midnight on

November 16th for the purpose of having sexual relations with her. He claimed he left the premises and returned home before the time of the robbery.

Appellant contends the trial judge erred in allowing ▮ Lula Mae's testimony that she and appellant smoked crack cocaine in the room sometime during the night. We agree. This Court recently held in *State v. Coleman*, 301 S.C. 57, 389 S.E. (2d) 659 (1990), that admission of evidence the defendant is a social user of crack cocaine is prejudicial error where its only function is to demonstrate the defendant's bad character. Here, there is nothing in the record to indicate a logical relevance between use of crack cocaine during the night before the robbery and the robbery which occurred at 6:10 a.m. the following day. *Cf. State v. Jones*, 273 S.C. 723, 259 S.E. (2d) 120 (1979); *see also State v. Bell*, 302 S.C. 18, 393 S.E. (2d) 364 (1990). Because the only function of this testimony was to demonstrate appellant's bad character, it should have been excluded.

We reject the State's contention that the testimony ▮ was relevant and admissible as part of the *"res gestae"* of the crimes for which appellant was charged. *See United States v. Masters*, 622 F. (2d) 83 (4th Cir. 1980).[1] Evidence of appellant's cocaine use was not essential to a full presentation of the State's case, nor was it so intimately connected with the crimes charged that its introduction was appropriate to complete the story of the crime. *Id.* at 86. Moreover, even if the testimony were relevant, its probative value is clearly outweighed by its unfair prejudice. *Id.* at 87; *see also State v. Bell, supra.*

Further, we disagree with the State's argument that ▮ admission of the testimony was harmless beyond a reasonable doubt because the evidence was merely cumulative to appellant's own admission that he smoked marijuana in the motel room that night. This Court has recently held that simple possession of cocaine is a crime of moral turpitude, *State v. Major*, 301 S.C. 181, 391 S.E. (2d) 235 (1990), whereas simple possession of marijuana is not. *State v. Har-*

---

[1] This justification does not fit squarely within any of the five categories identified in *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923), under which evidence of other crimes is admissible to prove the crime charged.

*vey,* 275 S.C. 225, 268 S.E. (2d) 587 (1980). Evidence of appellant's use of crack cocaine is not merely cumulative to his admission to marijuana use, a drug offense of lesser culpability. We find this error requires reversal.

We address the next issue in view of the likelihood it will be raised again on retrial. Appellant contends that under *Blockburger v. United States,* 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), double jeopardy bars his punishment for both armed robbery and possession of a weapon during a violent crime. We disagree. The double jeopardy clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. *Missouri v. Hunter,* 459 U.S. 359, 103 S. Ct. 673, 74 L. Ed. (2d) 535 (1983); *Matthews v. State,* 300 S.C. 238, 387 S.E. (2d) 258 (1990). *Blockburger* is not controlling where legislative intent is clear from the face of the statute. *Garrett v. United States,* 471 U.S. 773, 105 S. Ct. 2407, 85 L. Ed. (2d) 764 (1985); *Matthews, supra.* Armed robbery is a violent crime under S.C. Code Ann. § 16-1-60 (Supp. 1989). S.C. Code Ann. § 16-23-490 (Supp. 1989) expressly provides additional punishment for possession of a weapon during commission of a violent crime as defined in § 16-1-60. It is clear from the face of the statute the legislature intended to allow cumulative punishment in this instance.

We need not address appellant's remaining exceptions. The judgment of the circuit court is reversed and the case is remanded for a new trial.

Reversed and remanded.

HARWELL, CHANDLER and FINNEY, JJ., concur.

TOAL, J., dissents in separate opinion.

TOAL, Justice (dissenting):

I respectfully dissent. It is my opinion that the evidence concerning Bolden's use of cocaine may be distinguished from *State v. Coleman,* 301 S.C. 57, 389 S.E. (2d) 659 (1990) and therefore I would affirm.

On November 17, 1987, at approximately 6:10 a.m., the desk clerk of the LaQuinta Motor Inn in Greenville was robbed at gun point. The desk clerk later identified Bolden as the robber.

Ms. Lula Mae Gray testified in detail about the events which took place on the night preceding and the morning of the robbery. She stated that she and Bolden checked into the motel on the evening of November 16, 1987. When they first got into the room, Bolden went to get some ice and then to get Ms. Gray's cigarettes. After he returned to the room, they drank gin, smoked cocaine, and took a shower. At this time, Ms. Gray noticed that Bolden had a gun with him. Then they made love and she fell asleep. Bolden woke her up about 4:30 or 5:00 a.m. and told her he was leaving to take his daughter to the hospital.

As noted in the majority opinion, we held in *State v. Coleman, supra,* that admission of evidence the defendant is a social user of cocaine is prejudicial error where its only function is to demonstrate the defendant's bad character. The majority concludes that the only function of the introduction of the evidence in this case was to demonstrate Bolden's bad character. I disagree.

Evidence of other offenses may be offered for other purposes if the risk of undue prejudice is ouweighed by its probative value. *United States v. Tate,* 715 F. (2d) 864 (4th Cir. 1983). For example, such evidence may be an integral part of the crime with which the defendant is charged or may be needed to aid the fact finder in understanding the context in which the crime occurred. *People v. Czemerynski,* 786 P. (2d) 1100 (Colo. 1990); *Strickland v. State,* 784 S.W. (2d) 549 (Tex. App. 1990). "Criminal occurrences do not always take place on a sterile stage; and where, as here, the events leading up to the crime are a part of the scenario which explain the setting in which it occurred, no error is committed by permitting the jury to view the criminal episode in the context in which it happened." *Czemerynski,* at 1109 citing *People v. Lobato,* 187 Colo. 285, 530 P. (2d) 493, 496 (1975).

The *res gestae* theory and the reasoning underlying the theory were discussed in detail by the Fourth Circuit:

> One of the accepted bases for the admissibility of evidence of other crimes arises when such evidence "furnishes part of the context of the crime" or is necessary to a "full presentation" of the case, or is so intimately connected with the explanation of the crime charged against

the defendant and is so much a part of the setting of the case and its "environment" that its proof is appropriate in order "to complete the story of the crime on trial by proving its immediate context or the 'res gestae' " or the "uncharged offense if 'so linked together in point of time and circumstances with the crime charged that one cannot be fully shown without proving the other . . .' [and is thus] part of the res gestae of the crimes charged." And where evidence is admissible to provide this "full presentation" of the offense, "[t]here is no reason to fragmentize the event under inquiry" by suppressing parts of the "res gestae." As the Court said in *United States v. Roberts*, (6th Cir. 1977) 548 F. (2d) 665, 667, *cert. denied*, 431 U.S. 920, 97 S. Ct. 2188, 53 L. Ed. (2d) 232 "[t]he jury is entitled to know the 'setting' of a case. It cannot be expected to make its decision in a void—without knowledge of the time, place and circumstances of the acts which form the basis of the charge."

*United States v. Masters*, 622 F. (2d) 83, 86 (4th Cir. 1980).

The testimony of Ms. Gray that she and Bolden drank gin and smoked cocaine was not elicited to demonstrate Bolden's bad character or propensity to commit serious crimes. The context in which the challenged testimony was offered was merely relevant to show the conduct of Bolden before the commission of the crimes at issue and the particular circumstances and events leading up to the actual armed robbery. Ms. Gray's testimony was probative because it placed Bolden at the motel the night preceding and the morning of the robbery. It explains how Bolden had the opportunity to survey the motel when he went to get her cigarettes and ice. The details about what occurred in their motel room explain the lapse of time between the time they checked in and the time of the robbery. The details about the gin and cocaine also explain Bolden's state of mind at the time of the robbery. Therefore, it is my opinion that the testimony was logically relevant to establish the material circumstances of the crimes charged and formed part of the *res gestae*. Such evidence should not have been excluded merely because it incidentally revealed Bolden's use of narcotics.

This case may be distinguished from *Coleman, supra,* on the facts. In *Coleman,* the improper evidence was testimony by a police officer that Coleman had told him that he was a social user of cocaine at some time previous to the events leading to the crime at issue. The police officer admitted that he did not ask Coleman if he was using cocaine on the night of the murder. Therefore, this testimony was inadmissible because it was not offered for any purpose except to reflect upon the defendant's character. It had no relation to the commission of the crime nor did it form part of the *res gestae* as in this case.

Furthermore, in this case, the trial judge instructed the jury that testimony of another offense allegedly committed by Bolden was offered for a limited purpose only and could not be considered as any evidence of his guilt of the crime for which he was being tried. No further instruction was required. *See, Strickland v. State,* 784 S.W. (2d) 549 (1990), (it is not necessary to give limiting instruction on extraneous offense which constitutes *res gestae* of offense for which accused is on trial.)

For the reasons discussed above, I would

Affirm.