## 2355

The STATE, Respondent v. Everett N. HOUGH, Appellant.

(459 S.E. (2d) 863)

Court of Appeals

*Dorothy Jean Killian,* Lancaster, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Deputy Atty. Gen. Salley W. Elliott,* Columbia, and *Solicitor C. Gordon McBride,* Hartsville, *for respondent.*

Heard May 4, 1995.

Decided June 12, 1995; Reh. Den. Aug. 10, 1995.

*Per Curiam:*

Everett N. Hough appeals his conviction for third-degree burglary and grand larceny, arguing the trial judge abused his discretion in denying his motion for a mistrial based upon the improper admission of evidence of Hough's alleged use of crack cocaine. Hough also alleges trial error based on the court's failure to require the Department of Probation, Parole, and Pardon Services to prepare a presentence investigation. We reverse and remand.

During his opening statement to the jury, the Assistant Solicitor remarked:

> . . . my most important witness is Mr. James Pierce, Jr. [Hough's co-defendant]. Mr. Pierce and Mr. Hough had a problem. That was crack cocaine.

Hough's counsel timely objected to the reference to crack cocaine and requested the jury be instructed to disregard the

comment as irrelevant. The Assistant Solicitor asserted the reference was proper to show motive, intent, plan or scheme and that the State planned to fully develop the connection during the trial. Defense counsel retorted that the probative value of the comment was outweighed by its prejudicial effect. Following a bench conference, defense counsel moved for a mistrial based on the prejudice to Hough caused by the reference to crack cocaine. He reasoned that the word "cocaine" carries such negative connotations that the mere mention of it tainted Hough's trial. Concluding that they needed to wait and see how the evidence developed, the trial court denied Hough's motion for a mistrial. Upon resuming his opening statement, the Assistant Solicitor again stated that Mr. Hough had a problem with crack cocaine.

The investigator assigned to this case testified the items stolen during the burglary were traced back to James Pierce, Jr., Hough's co-defendant. After Pierce's arrest, he confessed to committing the burglary and implicated Hough. At trial, Pierce testified that he and Hough were friends and they often smoked crack cocaine together and stole items in order to purchase it. At this point, Hough's attorney again objected to the testimony concerning crack cocaine. The judge noted the objection and allowed Pierce to continue testifying. Pierce's testimony then turned to the incident in question. He testified that Hough entered the warehouse and came out with a circular saw, chain saw, and two flashlights. According to Pierce, Hough kept the flashlights and gave him the saws which he hid in the woods. The next morning, Pierce sold the saws for money to buy more crack cocaine.[1] Hough testified in his own behalf and denied entering the warehouse or removing any items from there. He also denied "hanging out" with Pierce.[2]

On appeal, Hough argues the Assistant Solicitor's remarks regarding crack cocaine use improperly put his character into

---

[1] When asked by the Assistant Solicitor if he and Hough sold the saws for crack, Pierce responded, "[n]o. I sold the chain saw and the circular saw myself." Pierce further testified he "took them and hid them in the woods and I turned around and sold them the next morning."

[2] During Hough's testimony, the State made no effort to elicit information concerning the use of crack cocaine either before or after the incident in question, nor did it seek to demonstrate that Hough engaged in a pattern of criminal behavior to supply his alleged crack cocaine habit.

issue, and were so unduly prejudicial as to require reversal of the convictions. The State, on the other hand, contends the comments and evidence later elicited concerning Hough's crack cocaine use were properly admitted as *res gestae,* and were necessary to show Hough's motive for committing burglary and grand larceny. The State's theory was that the use of crack cocaine by Hough and Pierce was an integral part of their commission of burglary and grand larceny in that they needed items to sell in order to obtain money to buy more crack cocaine. The risk of undue prejudice, the State argues, was greatly outweighed by the probative value of this evidence, particularly in light of the overwhelming evidence against Hough. We disagree.

Evidence that a defendant has committed other unrelated crimes or bad acts is inadmissible to prove the defendant's propensity to commit the crime with which he is charged. *State v. Lyle,* 125 S.C. 406, 118 S.E. 803 (1923). This is so because under our system of justice, a conviction must be based upon evidence of the offense for which the accused is on trial rather than upon prior criminal or immoral acts. *State v. Gore,* 283 S.C. 118, 322 S.E. (2d) 12 (1984). It is only in exceptional cases that another crime or bad act is relevant to an issue other than the accused's character. Such exceptions to the general rule which permit the admission of evidence of other crimes or bad acts are applicable only where the prior bad act directly supports some substantial element of the State's case or is relevant to establish a material fact or element of the crime charged. *State v. Bell,* 302 S.C. 18, 393 S.E. (2d) 364 (1990), *cert. denied,* 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed. (2d) 182 (1990). Specifically, evidence of prior crimes or bad acts that is logically relevant is admissible to prove (1) motive, (2) intent, (3) absence of mistake or accident, (4) common scheme or plan that embraces several previous crimes so closely related to each other that proof of one tends to establish the other, or (5) identity of the person charged with the commission of the crime on trial. *Id.; State v. Parker,* 315 S.C. 230, 433 S.E. (2d) 831 (1993).

Because of the potential for prejudice from the admission of testimony of other crimes, however, the use of such evidence is limited. Where the prior bad acts did not result in a conviction or guilty plea, evidence of the bad

acts is admissible only if proof is clear and convincing. *Id.; see also State v. Conyers*, 268 S.C. 276, 233 S.E. (2d) 95 (1977). The connection between the prior bad act and the present crime must also be close, not just a general similarity. Moreover, in deciding to apply the *Lyle* exception for the admission of prior crimes evidence, the court must always determine if the probative value of the prior acts evidence outweighs its prejudicial effect. *State v. Parker*, 315 S.C. 230, 433 S.E. (2d) 831 (1993). If the unfair prejudice outweighs the probative value or is dangerously close to tipping the scales, the court must exclude the evidence despite its relevance to some material issue other than character. *State v. Alexander*, 303 S.C. 377, 381, 401 S.E. (2d) 146, 149 (1991).

The evidence of Hough's use of crack cocaine fits within none of the exceptions enumerated in *Lyle,* and the admission of this testimony was prejudicial error. As stated by our Supreme Court in *State v. Coleman*, 301 S.C. 57, 389 S.E. (2d) 659 (1990), the admission of evidence that the defendant is a social user of cocaine is prejudicial error where its only function is to demonstrate the defendant's bad character.

Here, the evidence of crack cocaine use permeated the trial, but was not directly related to the commission of the offenses charged, nor probative of Hough's conduct or state of mind with respect to the crimes for which he was on trial. Pierce's testimony about Hough's use of crack cocaine at unspecified times did not have a direct bearing on the commission of the crimes charged, and did not connect Hough's alleged use of crack cocaine with the burglary and grand larceny. Instead, Pierce admitted he sold the items he received from Hough after the robbery to buy more crack cocaine. Interestingly, Pierce indicated he was testifying against Hough because he pleaded guilty and received a nine-year sentence and did not think he should "take the whole rap for it." Because the evidence of Hough's alleged crack cocaine use was irrelevant to establish the crime at issue and its only real function was to demonstrate Hough's bad character, it should have been excluded.

We further reject the State's contention that Hough's crack cocaine use was properly admitted as *res gestae.* Citing *State v. Johnson*, 306 S.C. 119, 410 S.E. (2d) 547 (1991) *cert. denied,*

503 U.S. 993, 112 S.Ct. 1691, 118 L.Ed. (2d) 404 (1992); *State v. Bolden*, 303 S.C. 41, 398 S.E. (2d) 494 (1990), and *State v. Jones*, 273 S.C. 723, 259 S.E. (2d) 120 (1979), the State contends "under the theory of *res gestae*, evidence of other crimes is admissible where it is intimately connected with the pending offense, is necessary to provide a complete story or explanation of the pending offense, or provides a portion of the content of the pending offense." Under the facts of this case, we conclude the testimony relating to Hough's alleged crack cocaine use was not part of the *res gestae* of the crimes charged.

The rationale underlying the *res gestae* theory is that evidence of other criminal conduct that occurs contemporaneously with or is part and parcel of the crime charged is considered part of the *res gestae* of that offense. As explained by the Fourth Circuit in *United States v. Masters*, 622 F. (2d) 83, 86 (4th Cir. 1980), where the uncharged offense is "so linked together in point of time and circumstances with the crime charged that one cannot be fully shown without proving the other," admissibility of evidence of the other crime is appropriate in order "to complete the story of the crime on trial by proving its immediate context or the '*res gestae.*' "

Evidence of Hough's crack cocaine use was not essential to a full presentation of the State's case, nor was it so intimately connected with the crimes charged that its introduction was appropriate to complete the story of the crime. Hough's use of crack cocaine at unspecified times was certainly not contemporaneous with the burglary and grand larceny. The time, place and circumstances of the acts which form the basis of the burglary and grand larceny charges were not "so intimately connected" with the use of crack cocaine that "one cannot be fully shown without proving the other." *Id.* Instead, this highly prejudicial evidence served only to discredit Hough's character and paint him as a "junkie" willing to do anything to get affix. *See State v. Smith*, 309 S.C. 442, 424 S.E. (2d) 496 (1992); *see also Coleman*, 301 S.C. 57, 389 S.E. (2d) 659.

Moreover, even if the testimony concerning crack cocaine use was relevant, the probative value of this evidence was slight in comparison to the prejudicial effect that resulted from the admission of this testimony. As argued

by Hough, he was prejudiced because (1) the hysteria which surrounds the very mention of crack cocaine cast him in an unfavorable light in the minds of the jurors, and (2) the remarks damaged his credibility and due to the very nature of the case, his credibility was extremely important to his defense.

We find this erroneously admitted testimony cannot be held harmless because it affected the result of the trial in that it substantially damaged Hough's credibility and because there was not otherwise overwhelming evidence of Hough's guilt.[3] *See State v. Singleton*, 303 S.C. 313, 400 S.E. (2d) 487 (1991); *State v. Reeves*, 301 S.C. 191, 391 S.E. (2d) 241 (1990).

Having determined that Hough is entitled to a new trial, we need not address his remaining argument on appeal regarding the failure of trial judge to require the Department of Probation, Parole, and Pardon Services to prepare a presentence investigation. *See Daniels v. City of Goose Creek*, — S.C. —, 431 S.E. (2d) 256 (Ct. App. 1993) (where reversal on an issue would not change the result, the issue is moot, and the Court of Appeals need not address it).

Reversed and remanded.

SHAW, CURETON and CONNOR, JJ., concur.

---

[3] The testimony in this case presented diametrically opposed versions of what happened. Hough, who testified in his own defense, denied any involvement in the offenses for which he was charged. Other than the co-defendant, there were no witnesses, and no fingerprints were lifted from the crime scene that matched Hough's. Pierce's testimony was in direct conflict with Hough's.