605 S.E.2d 579

**The STATE of South Carolina, Respondent,**

**v.**

**Roshamel BROADDUS, Appellant.**

**No. 3890.**

Court of Appeals of South Carolina.

Submitted Sept. 15, 2004.

Decided Nov. 15, 2004.

Rehearing Denied Jan. 20, 2005.

Assistant Appellate Defender Robert M. Dudek, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia; and Solicitor Edgar L. Clements, III, of Florence, for Respondent.

BEATTY, J.

Roshamel Broaddus appeals his convictions for murder and possession of a firearm during the commission of a violent crime. He argues the trial judge erred in admitting evidence of drug use and drug dealing as *res gestae* of the crimes.[1] We

---

1. Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Williams*, 305 S.C. 116, 406 S.E.2d 357 (1991), Broaddus's appellate counsel filed a brief along with a petition

affirm.[2]

## FACTS

During the early morning hours of August 7, 1999, the body of David Christopher Briggs was found in a vacant lot in Florence. The victim had multiple gunshot wounds. Although neighbors heard gunshots during the night, no one witnessed the shooting. An autopsy later revealed the victim had been shot at least seventeen times, which caused him to bleed to death.

After receiving information concerning a red Grand Am frequenting drug areas, narcotics officers interviewed Dennis Rhodes, a confidential informant and the owner of the vehicle. Rhodes told them that he had reason to believe that someone had been killed in his car. He stated that, on the morning of the murder, he loaned his car to Broaddus. According to Rhodes, the interior of the vehicle was covered in blood and had bullet holes when Broaddus returned it. Subsequently, the investigating officers impounded and searched Rhodes's vehicle. As part of the continuing investigation, SLED analysis of the blood evidence confirmed a DNA match with the victim. Broaddus was ultimately apprehended in New York where he was hospitalized as a result of another shooting incident. A Florence County grand jury later indicted Broaddus for murder and possession of a weapon during the commission of a violent crime.

At trial, the State called Dennis Rhodes as a witness. Prior to Rhodes's testimony, Broaddus's counsel moved to exclude any mention of whether Broaddus was dealing drugs on the night in question. Specifically, counsel argued the evidence should not be admitted as part of the *res gestae* of the charged

---

to be relieved, stating his examination of the record indicated the appeal was without merit. Broaddus filed a separate *pro se* response. Following our *Anders* review, this court ordered the parties to brief the following issue:

Whether the trial court erred in admitting evidence of the alleged drug usage and dealing as *res gestae* of the crime?

This issue is now our sole appellate consideration.

**2.** Because oral argument would not aid the court in resolving the issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

crimes. He further contended the evidence would be far more prejudicial than probative and should be excluded under Rule 403 of the South Carolina Rules of Evidence. The judge admitted the evidence, finding Rhodes could describe the circumstances of the night of the murder in order to give a full description of the events that occurred that night, including an explanation of Rhodes's involvement with Broaddus. The judge concluded the testimony in question was part of the *res gestae* of the crimes.

Rhodes testified on the night of the murder he went to Tony Pickett's home where he met several acquaintances including Broaddus. According to Rhodes, everyone was drinking and doing drugs that were supplied by Broaddus. At one point during the evening, Broaddus asked Rhodes if he could borrow his car. Rhodes loaned his car to Broaddus in exchange for cash or crack cocaine because Broaddus stated he needed to make some phone calls and "some deliveries." Rhodes believed Broaddus was going to make drug deliveries because he observed the supply of drugs in Broaddus's hand. Broaddus borrowed the car around 2:30 a.m. and returned it to Rhodes at approximately 6:00 a.m. When Rhodes opened the door to the vehicle, he noticed blood and gunshot holes in the interior. Rhodes testified that Broaddus apologized for the condition of the vehicle and explained that his cousin had been shot and he had taken him to the hospital. Broaddus then gave Rhodes crack cocaine while he and Pickett cleaned the vehicle. The next day, Rhodes found a bullet slug, as well as hair and scalp tissue on the passenger side of the vehicle.

The State offered evidence regarding its theory about what might have precipitated the shooting. J.C. Newsome testified he sold Broaddus a CD player a week prior to the incident. When Broaddus inquired about the CD player, Newsome informed him that the victim had it. Newsome took Broaddus to the motel where the victim was staying, but purposefully brought him to the wrong room when he discovered that Broaddus had a gun and threatened to kill the victim. Kelvin Lucas testified he went to a bar with the victim on the night of the shooting. During the evening, the victim left the bar but returned within a short period of time. Lucas testified the victim seemed upset. Around 4:30 a.m., the victim told Lucas that he had "something to go take care of" and left the bar.

Lucas testified that he observed the victim get into a car with Broaddus.

The jury convicted Broaddus of murder and possession of a weapon during the commission of a violent crime. The judge sentenced him to forty years imprisonment for murder and a concurrent, five-year term for possession of a weapon during the commission of a violent crime. Broaddus appeals.

## DISCUSSION

Broaddus asserts the trial judge erred in admitting evidence of drug use and drug dealing as *res gestae* of the crimes. He contends the evidence was not necessary for the presentation of the State's case given the presence of drugs did nothing to further the explanation for the blood and bullet holes that were discovered in the borrowed vehicle. He further argues the evidence of drug dealing and drug use did not establish a motive for the murder. Although we agree with Broaddus that the admission of the evidence was improper, we find any error in its admission was harmless.

"The admission or exclusion of evidence is left to the sound discretion of the trial judge, whose decision will not be reversed on appeal absent an abuse of discretion." *State v. Saltz*, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001). An abuse of discretion occurs when the trial judge's ruling is based on an error of law. *State v. McDonald*, 343 S.C. 319, 325, 540 S.E.2d 464, 467 (2000).

"The rationale underlying the res gestae theory is that evidence of other criminal conduct that occurs contemporaneously with or is part and parcel of the crime charged is considered part of the res gestae of that offense." *State v. Williams*, 321 S.C. 455, 462, 469 S.E.2d 49, 53 (1996). "The *res gestae* theory recognizes evidence of other bad acts may be an integral part of the crime with which the defendant is charged, or may be needed to aid the fact finder in understanding the context in which the crime occurred." *State v. King*, 334 S.C. 504, 512, 514 S.E.2d 578, 582 (1999). Under *res gestae*, evidence of other crimes is admissible:

when such evidence "furnishes part of the context of the crime" or is necessary to a "full presentation" of the case, or

is so intimately connected with and explanatory of the crime charged against the defendant and is so much a part of the setting of the case and its "environment" that its proof is appropriate in order "to complete the story of the crime on trial by proving its immediate context or the 'res gestae' " or the "uncharged offense is 'so linked together in point of time and circumstances with the crime charged that one cannot be fully shown without proving the other . . .' [and is thus] part of the res gestae of the crime charged." And where evidence is admissible to provide this "full presentation" of the offense," [t]here is no reason to fragmentize the event under inquiry" by suppressing parts of the "res gestae."

*Id.* at 512–13, 514 S.E.2d at 582–83 (quoting *State v. Adams*, 322 S.C. 114, 122, 470 S.E.2d 366, 370–71 (1996)).

Our appellate courts have found evidence of prior drug use to be inadmissible as part of the *res gestae* where the record does not support any relationship between the charged crime and the drug use. *See, e.g., State v. Hough*, 325 S.C. 88, 92–94, 480 S.E.2d 77, 79–80 (1997) (finding co-defendant's testimony regarding prior crack cocaine use did not form a part of the *res gestae* of burglary and grand larceny where there was no evidence defendant and co-defendant had smoked crack cocaine immediately prior to the burglary or that the prior acts were "so linked together in .point of time and circumstances" as to be required for a full presentation of the State's case); *State v. Smith*, 309 S.C. 442, 446–47, 424 S.E.2d 496, 498–99 (1992) (holding evidence of defendant's prior drug use should have been excluded where it was unrelated to the crimes of murder and armed robbery and was not contemporaneous with the victim's murder); *State v. Bolden*, 303 S.C. 41, 43, 398 S.E.2d 494, 494–95 (1990) (concluding evidence that defendant was a social user of crack cocaine should have been excluded where evidence was "not essential to a full presentation of the State's case, nor was it so intimately connected with the crimes charged that its introduction was appropriate to complete the story of the crime").

If, however, the evidence of drug use is "inextricably intertwined" with the crime at issue, our appellate courts have found it to be admissible. *See, e.g., State v. Adams*, 322 S.C. 114, 122, 470 S.E.2d 366, 370–71 (1996) (concluding trial judge

properly admitted evidence of defendant's cocaine use prior to the robbery and murder where cocaine use, which precipitated the decision to commit the robbery and murder, was in close "temporal proximity" to the crimes, the cocaine use was part of the environment of the crimes and was inextricably intertwined with the crimes); *State v. Williams*, 321 S.C. 455, 461–63, 469 S.E.2d 49, 53–54 (1996) (finding evidence of crack cocaine sale between defendant and victim several hours prior to the murder was a part of the *res gestae* of the crime where evidence of earlier sale was necessary to show why the victim sought out the defendant and to explain the specific circumstances surrounding the encounter); *State v. Gagum*, 328 S.C. 560, 564–65, 492 S.E.2d 822, 823–24 (Ct.App.1997) (holding, in case involving strong-arm robbery stemming from a purse snatching, evidence of defendant's offer of drugs to his captors to obtain his release was admissible where the offering of the drugs " 'was so intimately connected with the crime charged that its introduction was appropriate to complete the story of the crime' " (quoting *Bolden*, 303 S.C. at 43, 398 S.E.2d at 495)).

In this case the testimony regarding Broaddus's drug use and drug dealing "was not essential to a full presentation of the State's case, nor was it so intimately connected with the crimes charged that its introduction was appropriate to complete the story of the crime." *Bolden*, 303 S.C. at 43, 398 S.E.2d at 495. The testimony presented established that Broaddus threatened to kill the victim because he stole the CD player that Broaddus purchased from Newsome. Lucas testified he observed the victim get into a car with Broaddus shortly before the murder. Rhodes testified that when Broaddus returned the vehicle it was covered in blood and had bullet holes. The decedent's blood was positively matched to the evidence found in Rhodes's vehicle. Thus, evidence of drug use and drug dealing was not necessary for the State's presentation of its case. Furthermore, the drug evidence was not inextricably intertwined with the crimes charged given there was no evidence that Broaddus and the victim were involved in any type of drug transaction. Because the testimony did not form a part of the *res gestae* of the crimes, the trial judge erred in admitting the evidence. Additionally, even assuming the testimony was relevant, its probative value was out-

weighed by its unfair prejudice. *See Bolden,* 303 S.C. at 43, 398 S.E.2d at 495 (holding even if testimony under the *res gestae* theory is relevant, its probative value must be weighed against any unfair prejudice); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

 However, any error in the admission of the evidence was harmless. "Error is harmless where it could not reasonably have affected the result of the trial." *State v. Adams,* 354 S.C. 361, 380, 580 S.E.2d 785, 795 (Ct.App.2003), *cert. denied* (Apr. 22, 2004). When guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached, this court should not set aside a conviction because of errors not affecting the result. *Hill v. State,* 350 S.C. 465, 472, 567 S.E.2d 847, 851 (2002). Newsome testified that Broaddus threatened to kill the victim shortly before the murder. Lucas testified that he witnessed the victim get into a vehicle with Broaddus several hours before the shooting. Additionally, witnesses who were present when Broaddus returned Rhodes's automobile testified concerning the condition of the car and the presence of blood in the car. The DNA from the blood in the car was a positive match to the victim. Furthermore, there is evidence that Broaddus absconded to New York after the incident. *See State v. Ballenger,* 322 S.C. 196, 200, 470 S.E.2d 851, 854 (1996) (stating flight is "at least some evidence" of defendant's guilt).

Furthermore, the drug evidence is cumulative to other unobjected to testimony. Specifically, Van Purvis, who was present at Pickett's home, testified that Broaddus provided the crack cocaine and intended to pay Rhodes with crack cocaine to borrow his automobile. Pickett also testified that Rhodes would be paid with crack cocaine for lending his car to Broaddus. *See State v. Schumpert,* 312 S.C. 502, 507, 435 S.E.2d 859, 862 (1993) (stating that any error in admission of evidence cumulative to other unobjected-to evidence is harmless); *State v. Johnson,* 298 S.C. 496, 499, 381 S.E.2d 732, 733 (1989) ("The admission of improper evidence is harmless where it is merely cumulative to other evidence.").

## CONCLUSION

We find the testimony regarding drug use and drug dealing was not admissible as part of the *res gestae* of the charged crimes. We hold, however, that any error in its admission was harmless. Based on the foregoing, Broaddus's convictions and sentences are

**AFFIRMED.**

STILWELL and SHORT, JJ., concur.