**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jonathan Richard Rackley, Appellant.

Appellate Case No. 2021-001141

―――――――――

Appeal From Pickens County
G. D. Morgan, Jr., Circuit Court Judge

―――――――――

Unpublished Opinion No. 2024-UP-004
Submitted November 1, 2023 – Filed January 3, 2024

―――――――――

**AFFIRMED**

―――――――――

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, Assistant Attorney General William Joseph Maye, all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

―――――――――

**PER CURIAM:** Jonathan Richard Rackley appeals his convictions for murder and possession of a weapon during the commission of a violent crime and his

aggregate sentence of fifty-five years' imprisonment. Rackley argues the trial court erred in denying his request to admit the victim's toxicology report because it was relevant and its probative value was not substantially outweighed by the danger of unfair prejudice. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court's exclusion of the victim's toxicology report was not an abuse of discretion because even if the toxicology report was relevant, its probative value was substantially outweighed by the danger of unfair prejudice. *See State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Clasby*, 385 S.C. 148, 154, 682 S.E.2d 892, 895 (2009) ("The trial [court] has considerable latitude in ruling on the admissibility of evidence and [its] decision should not be disturbed absent prejudicial abuse of discretion."); *State v. Jones*, 416 S.C. 283, 290, 786 S.E.2d 132, 136 (2016) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); Rule 401, SCRE (stating "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Rule 403, SCRE (stating "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice"). We hold the toxicology report was of low probative value because Rackley failed to present any evidence beyond the report to support his self-harm theory and the danger of unfair prejudice posed by the report was high due to its tendency to suggest the victim abused illegal drugs. *See State v. Coleman*, 301 S.C. 57, 60, 389 S.E.2d 659, 660 (1990) (holding evidence of the appellant's drug use was not competent evidence to establish a criminal motive or his state of mind at the time of the crime because the record did not support any relationship between the drug use and the crime); *State v. Washington*, 424 S.C. 374, 406, 818 S.E.2d 459, 476 (Ct. App. 2018) (finding the denial of admission of the toxicology report was not an abuse of discretion because there was no evidence offered to support the appellant's assertions, making such assertions speculation only), *aff'd in part, vacated in part on other grounds, rev'd in part on other grounds,* 431 S.C. 394, 848 S.E.2d 779 (2020).

**AFFIRMED.**[1]

**MCDONALD and VINSON, JJ., and BROMELL HOLMES, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.