**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Rita M. Pangalangan, Appellant.

Appellate Case No. 2023-001446

———————

Appeal From Colleton County
Clifton Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-018
Submitted November 3, 2025 – Filed January 21, 2026

———————

**AFFIRMED**

———————

Dayne C. Phillips, of Price Benowitz LLP, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Tommy Evans, Jr., all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

———————

**PER CURIAM:** Rita M. Pangalangan appeals her convictions for murder and infliction of great bodily injury upon a child and her aggregate sentence of thirty-seven years' imprisonment for her involvement in the death of her thirteen-year-old child (Victim). On appeal, Pangalangan argues the trial court erred by (1) allowing testimony indicating she previously left Victim in a vehicle unattended and for an extended period of time; (2) failing to suppress photographs of Victim's body taken at the scene; (3) refusing to grant a mistrial based upon cumulative errors, including the State's comment during its closing argument that Victim would have suffered less if she had been shot in the head; and (4) refusing the request for attorney-led voir dire. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not abuse its discretion in admitting testimony that Pangalangan previously admitted she left Victim unattended in a vehicle for an extended period of time. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."). The testimony was admissible pursuant to Rule 404(b) of the South Carolina Rules of Evidence because the State used the evidence that Pangalangan intentionally left Victim in the car on prior occasions to counter her arguments that she left Victim in the car due to a mistake or accident, and to show Pangalangan's "common scheme or plan" of using her vehicle as a "babysitter" for Victim. *See* Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *State v. Smith*, 391 S.C. 353, 363-64, 705 S.E.2d 491, 496-97 (Ct. App. 2011) (holding evidence the defendant had committed child abuse against the victim prior to her death was admissible to show motive and the absence of mistake or accident in his trial for homicide by child abuse because her injury from the prior incident, a broken femur, supported the State's theory that Smith had given the victim an overdose of pseudoephedrine in an attempt to prevent her from crying about the untreated fracture), *rev'd on other grounds*, 406 S.C. 215, 750 S.E.2d 612 (2013); *State v. Martucci*, 380 S.C. 232, 252-53, 669 S.E.2d 598, 609 (Ct. App. 2008) (ruling the defendant's prior abuse and neglect of victim "was admissible as proof of intent and the absence of accident" in the latter's death; "[b]ecause Martucci disputed the motive and intent to commit homicide by child abuse, evidence of the prior abuse or neglect was highly probative of his guilt" and "was necessary to establish a material fact or element of the crime charged"); *id.* at 256, 669 S.E.2d at 611 (holding evidence the defendant abused the victim "about a month and a half up to a few weeks before" his death "was not remotely disconnected in time from the conduct giving rise to

the homicide by child abuse and was part of the same pattern of abuse showing extreme indifference to human life," and was thus "admissible under the 'common scheme or plan' exception" of Rule 404(b)). Similarly, the testimony was admissible under res gestae theory because it aided the jury in understanding the events surrounding Victim's death and the context in which it occurred. *See State v. King*, 334 S.C. 504, 512, 514 S.E.2d 578, 582 (1999) ("The res gestae theory recognizes evidence of other bad acts may be an integral part of the crime with which the defendant is charged, or may be needed to aid the fact[-]finder in understanding the context in which the [charged] crime occurred."); *State v. McGee*, 408 S.C. 278, 289, 758 S.E.2d 730, 736 (Ct. App. 2014) (holding evidence that was admissible under res gestae was "circumstantially intimately connected and explanatory of the crime"). Further, we hold the trial court did not abuse its discretion in finding the witness's testimony constituted clear and convincing evidence of the prior act. *See State v. Wilson*, 345 S.C. 1, 5-7, 545 S.E.2d 827, 829-30 (2001) (holding the court of appeals erred in finding there was not clear and convincing evidence of the defendant's prior bad acts due to questions regarding the testifying witness's credibility, and that such credibility issues are "an issue for the jury's consideration"); *id.* at 6, 545 S.E.2d at 829 ("[W]e do not review a trial judge's ruling on the admissibility of other bad acts by determining de novo whether the evidence rises to the level of clear and convincing. If there is any evidence to support the admission of the bad act evidence, the trial judge's ruling will not be disturbed on appeal.").

Turning to Pangalangan's argument that the testimony violated Rule 403 of the South Carolina Rules of Evidence, we hold the danger of unfair prejudice in admitting the testimony did not substantially outweigh its probative value. *See Pagan*, 369 S.C. at 208, 631 S.E.2d at 265 ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); Rule 403, SCRE ("[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); S.C. Code Ann. § 16-3-10 (2015) ("'Murder' is the killing of any person with malice aforethought, either express or implied."); *In re Tracy B.*, 391 S.C. 51, 69, 704 S.E.2d 71, 80 (Ct. App. 2010) ("In the context of murder, malice does not require ill-will toward the individual injured, but rather it signifies 'a general malignant recklessness of the lives and safety of others, or a condition of the mind which shows a heart regardless of social duty and fatally bent on mischief.'" (quoting *State v. Heyward*, 197 S.C. 371, 375, 15 S.E.2d 669, 671 (1941))); S.C. Code Ann. § 16-3-95(A) (2015) ("It is unlawful to inflict great bodily injury upon a child."); S.C. Code Ann.

§ 16-3-95(C) (2015) ("'[G]reat bodily injury' means bodily injury which creates a substantial risk of death or which causes serious or permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."); *State v. Gore*, 283 S.C. 118, 121, 322 S.E.2d 12, 13 (1984) (explaining that "[w]hen . . . the previous alleged bad act is strikingly similar to the one for which the appellant is being tried, the danger of prejudice is enhanced"). Further, any error was harmless due to the substantial evidence of Pangalangan's guilt. *See State v. Broaddus*, 361 S.C. 534, 542, 605 S.E.2d 579, 583 (Ct. App. 2004) ("When guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached, this court should not set aside a conviction because of errors not affecting the result.").

2. We hold the trial court did not abuse its discretion by admitting the photographs of Victim because their probative value was not substantially outweighed by the danger of unfair prejudice. Here, even though the photographs showed the body of an underweight thirteen-year-old girl with cerebral palsy, who was lying face down outside while wearing a soiled diaper, the danger of unfair prejudice did not substantially outweigh the photographs' probative value because they aided the State's forensic pathologist in explaining Victim's injuries to the jury and assisted the jury in determining whether Pangalangan acted with malice, which was a disputed issue at trial; thus, they possessed high probative value. *See State v. Martucci*, 380 S.C. 232, 249, 669 S.E.2d 598, 607 (Ct. App. 2008) ("The relevance, materiality, and admissibility of photographs are matters within the sound discretion of the trial court and a ruling will be disturbed only upon a showing of an abuse of discretion."); *Pagan*, 369 S.C. at 208, 631 S.E.2d at 265 ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 403, SCRE ("[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *Martucci*, 380 S.C. at 250, 669 S.E.2d at 607 ("Admitting photographs which serve to corroborate testimony is not an abuse of discretion."); *State v. Benton*, 443 S.C. 1, 8-9, 901 S.E.2d 701, 704-05 (2024) (explaining the "graphic crime scene photographs" of a victim's burned body were probative because they possessed "unique power to make Benton's accomplices' testimon[ies] more believable" by "g[iving] important context to the testimony and other evidence about who did what at the scene" and they "assisted the jury in their task to understand other key evidence"), *cert. denied*, 145 S. Ct. 443 (2024); *State v. Gleaton*, 444 S.C. 394, 418-19, 906 S.E.2d 630, 642-43 (2024) (finding a trial court did not abuse its discretion in admitting autopsy photographs of the victim's

burned body because the photographs "had significant probative value" by "visually demonstrat[ing] the causes of [the v]ictim's death in a way testimony alone could not, and they aided the [forensic pathologist] in explaining [the v]ictim's injuries to the jury"); *State v. Jones*, 440 S.C. 214, 259, 891 S.E.2d 347, 371 (2023) ("Even if relevant, photographs are unfairly prejudicial if they create a 'tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'" (quoting *State v. Franklin*, 318 S.C. 47, 55, 456 S.E.2d 357, 361 (1995))), *cert. denied*, 144 S. Ct. 1012 (2024); *State v. Lyles*, 379 S.C. 328, 338, 665 S.E.2d 201, 206 (Ct. App. 2008) ("When [balancing the danger of unfair prejudice] against the probative value, the determination must be based on the entire record and will turn on the facts of each case.").

To the extent Pangalangan argues the trial court erred in admitting photographs of the gun found at the crime scene, we find that issue is not preserved. *See York v. Conway Ford, Inc.*, 325 S.C. 170, 173, 480 S.E.2d 726, 728 (1997) ("An objection made during an off-the-record conference which is not made part of the record does not preserve the question for review.").

3. We hold the trial court did not abuse its discretion in denying Pangalangan's motion for a mistrial based upon the cumulative errors of the erroneous admission of prior bad act evidence, the improper admission of photographs of a gun, and the State's improper closing argument. *See State v. Bantan*, 387 S.C. 412, 417, 692 S.E.2d 201, 203 (Ct. App. 2010) ("The decision to grant or deny a mistrial is within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion amounting to an error of law."); *State v. Beekman*, 405 S.C. 225, 237, 746 S.E.2d 483, 490 (Ct. App. 2013) ("The cumulative error doctrine provides relief to a party when a combination of errors, insignificant by themselves, has the effect of preventing the party from receiving a fair trial, and the cumulative effect of the errors affects the outcome of the trial."); *id.* ("An appellant must demonstrate more than error in order to qualify for reversal pursuant to the cumulative error doctrine; rather, he must show the errors adversely affected his right to a fair trial to qualify for reversal on this ground."). As discussed above, the trial court did not err in admitting the prior bad act evidence and Pangalangan failed to preserve any error in the admission of the photographs of a gun. Additionally, Pangalangan failed to preserve any error relating to the State's closing argument. *See State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("For an objection to be preserved for appellate review, the objection must be made . . . with sufficient specificity to inform the circuit court judge of the point being urged by the objector." (citation omitted)); *State v. Black*, 319 S.C. 515, 521-22, 462 S.E.2d 311, 315 (Ct. App. 1995) (holding a defendant failed to

contemporaneously object to the State's closing argument because although counsel objected and moved for a mistrial during the argument, he waited until after the court's charge and the jury began deliberations to state the basis for his objection and mistrial motion).

4.  We hold the trial court did not err in denying Pangalangan's request for attorney-led voir dire and conducting voir dire itself.  *See State v. Bryant*, 372 S.C. 305, 312, 642 S.E.2d 582, 586 (2007) ("The conduct of a criminal trial is left largely to the sound discretion of the trial judge, who will not be reversed in the absence of a prejudicial abuse of discretion."); S.C. Code Ann. § 14-7-1020 (2017) ("The court shall, on motion of either party in the suit, examine on oath any person who is called as a juror . . . ."); *State v. Smart*, 274 S.C. 303, 305, 262 S.E.2d 911, 912 (1980) ("[U]nder this section, whether or not counsel is permitted to conduct the voir dire examination of the juror[s] or such examination is conducted by the court is within the discretion of the trial [court]."); *State v. Britt*, 237 S.C. 293, 311, 117 S.E.2d 379, 388 (1960) ("The trial [court] may, if the circumstances seem to him to demand it, permit counsel . . . to also examine jurors."), *overruled on other grounds by State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991).

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.