581 S.E.2d 834

**Quentin ANDERSON, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 25656.

Supreme Court of South Carolina.

Submitted April 23, 2003.

Decided May 27, 2003.

432

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General B. Allen Bullard, and Assistant Attorney General William Bryan Dukes, all of Columbia, for Petitioner.

John Stafford Bryant, of Bryant, Fanning and Shuler, of Orangeburg, for Respondent.

Justice BURNETT:

We granted a writ of certiorari to review the decision of the Post–Conviction Relief ("PCR") judge granting Quentin Anderson ("Anderson") relief. We reverse.

## FACTS

Anderson was indicted and convicted of assault and battery with intent to kill and received a twenty-year sentence. Janice Jenkins Glover ("Glover"), Anderson's former girlfriend, testified at trial Anderson had threatened to kill her or the other man if he saw her with another man. Glover testified she was at a club on the night of the crime talking to the victim. Anderson entered the club, and Glover walked away from the victim to the bar.

Glover testified Anderson approached her and slapped her, knocking her to the floor. As she left the club she heard a gunshot. When she heard a second gunshot, she saw Anderson outside the club with a gun. Three witnesses corroborated Glover's testimony, including the victim who positively identified Anderson as the man who shot him.

The Court of Appeals affirmed his conviction. *State v. Anderson,* Op. No. 98–UP–510 (Ct.App. Filed November 23, 1998). A petition for a writ of certiorari was not filed with this Court.

Anderson subsequently filed a petition for PCR alleging appellate counsel provided ineffective assistance by failing to petition for a writ of certiorari from this Court. The PCR court agreed noting that he would have prevailed on an appeal to this Court under *State v. Cutro,* 332 S.C. 100, 504 S.E.2d 324 (1998), a decision released subsequent to the Court of Appeals decision in Anderson's case.

## ISSUE

Did the PCR court err in concluding appellate counsel provided ineffective assistance by not petitioning for a writ of certiorari to this Court to determine if Anderson's threat to and assault of Glover were properly admitted at trial?

## DISCUSSION

■ A defendant is constitutionally entitled to the effective assistance of appellate counsel. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Thrift v. State,* 302 S.C. 535, 397 S.E.2d 523 (1990).[1] An applicant must prove ineffective assistance by showing counsel's performance deficient, and the deficient performance prejudiced the applicant. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Cherry v. State,* 300 S.C. 115, 386 S.E.2d 624 (1989); *Butler v. State,* 286 S.C. 441, 334 S.E.2d 813 (1985).

■ To prove prejudice, the applicant must show that, but for counsel's errors, there is a reasonable probability he would have prevailed on appeal. *Strickland, supra; Johnson v. State,* 325 S.C. 182, 480 S.E.2d 733 (1997). That is, Anderson must prove prejudice by showing he would have prevailed on appeal had a writ been filed by counsel and granted by this Court. *See Butler, supra.*

---

1. We do not decide whether Anderson was entitled to effective assistance of counsel on a discretionary appeal.

Assuming, arguendo, appellate counsel was deficient in not seeking certiorari from this Court, Anderson has failed to prove he was prejudiced by counsel's inaction. Anderson asserts he would have prevailed on appeal because his threatening statement to Glover and testimony of his slapping her at the bar were inadmissible prior bad acts. *See* Rule 404, SCRE; *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923). We disagree.

■ Rule 404, SCRE, the modern expression of the *Lyle* rule, excludes "evidence of other crimes, wrongs, or acts" offered to "prove the character of a person in order to show action in conformity therewith." Rule 404(b), SCRE. The rule creates an exception when the testimony is offered to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent. *Id.*

■ Anderson's threatening statement to Glover is not a prior bad act. *See State v. Beck*, 342 S.C. 129, 134, 536 S.E.2d 679, 682 (2000); *see also State v. Braxton*, 343 S.C. 629, 636, 541 S.E.2d 833, 836–37 (2001). As such the bar against admitting prior bad acts is not applicable.

■ Further, *Lyle* is inapplicable to the testimony of Anderson's slapping Glover. A defendant's prior bad act is admissible if it forms part of the res gestae of the crime. *See State v. Bolden*, 303 S.C. 41, 43, 398 S.E.2d 494, 495, n. 1 (1990); *see also State v. Smith*, 309 S.C. 442, 451, 424 S.E.2d 496, 501 (1992) (Toal, J., dissenting).

■ Evidence of other crimes is admissible under the res gestae theory when the other actions are so intimately connected with the crime charged that their admission is necessary for a full presentation of the case. *State v. Adams*, 322 S.C. 114, 122, 470 S.E.2d 366, 370–71 (1996). The evidence of Anderson's slapping Glover is part of the res gestae of the crime. The assault, which took place moments before the shooting, provides the context of the shooting, along with Anderson's earlier threatening statement. A full presentation of the crime necessarily includes Anderson's threat, testimony Anderson saw Glover talking to a man, Anderson's assaulting Glover, and culminating in the shooting of the victim.

Neither Anderson's threat nor his assault upon Glover are prior bad acts barred by Rule 404. Anderson, unable to prove the inadmissibility of the evidence, would not have prevailed on appeal to this Court. He is, therefore, unable to prove prejudice.

**REVERSED.**

MOORE, A.C.J., WALLER and PLEICONES, JJ., concur. TOAL, C.J., not participating.