14

754 S.E.2d 261

The STATE, Respondent,

v.

James A. GILES, Petitioner.

Appellate Case No. 2010–161546.

No. 27353.

Supreme Court of South Carolina.

Heard Sept. 21, 2011.
Decided Jan. 15, 2014.
Rehearing Denied Feb. 21, 2014.

16

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Deputy Attorney General Salley W. Elliott, all of Columbia, and Kevin Scott Brackett, of York, for Respondent.

Chief Justice TOAL.

Petitioner James A. Giles was convicted of first-degree burglary, strong arm robbery, and kidnapping. He was sentenced to thirty years', thirty years', and fifteen years' imprisonment, respectively, to be served concurrently. On certiorari, he challenges the Court of Appeals' affirmation of his convictions and sentences on the basis that the trial court improperly sustained the solicitor's *Batson* motion. *State v. Giles*, Op. No.2010–UP–154 (S.C. Ct.App. filed Feb. 23, 2010). We affirm.

## FACTS

Petitioner was indicted on charges of burglary in the first degree, strong-arm robbery, and kidnaping. He represented himself at trial, with the assistance of standby counsel.

During jury selection, petitioner used his peremptory challenges to strike eight white males and two white females from the jury venire. The State requested, pursuant to *Batson v. Kentucky*,[1] that the trial judge conduct an inquiry as to whether petitioner had a race neutral reason for striking the ten white jurors. When asked if there was a race neutral reason for the strikes, standby counsel explained petitioner did not feel the jurors were right for the jury. At that point, the trial judge asked the State to respond. The State maintained the reason given was not racially neutral, but "highly race based." The trial judge agreed, noting that while on its face the reason given by petitioner for the strikes was obviously race neutral, it gave the judge nothing by which to determine if the reason was pretextual. The judge stated a defendant must provide some racially neutral reason other than simply stating the stricken venirepersons were not right for the jury. The judge found that if such a reason were sufficient, the parties would be given "unfettered strikes ... for no reason other than that they don't want to put them on the jury." The judge concluded that while the reason given by petitioner for the strikes was racially neutral on its face, it was not a sufficient reason under *Batson*. Accordingly, the trial judge granted the State's motion to quash the jury panel.

Following the selection of a new jury panel, the trial judge further expounded on his ruling, reiterating that striking a juror because the juror is not right for the jury is no reason. He again noted that while it may be "technically, semantically, intellectually racially neutral," for purposes of articulating a reason for striking a juror, it was not race neutral. Referring to the *Batson* process, the judge found the reason given by petitioner for striking the jurors was not sufficient to move the process to the third step, where the burden would be on the State to show the reason given was mere pretext. The trial judge found that if the process proceeded to the third step, it would be impossible for the State to prove petitioner did not

---

1. 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

strike another venireperson from the jury venire on the basis the venireperson was not right for the jury. The trial judge repeated his initial holding that petitioner was required to give some reason for the strikes and petitioner's belief that the stricken venirepersons were not right for the jury was no reason.

The issue before the Court of Appeals and now before this Court is whether the trial judge erred in failing to follow the three-step process outlined in *Batson* for determining whether a peremptory challenge was based on race. Specifically, petitioner contends that because the trial judge found petitioner's reason for striking the venirepersons was race neutral, he should have proceeded to step three of the *Batson* process and required the solicitor to prove the reason given was mere pretext and that petitioner engaged in purposeful discrimination in exercising his peremptory challenges. We disagree.

## LAW/ANALYSIS

▮▮▮▮▮ In *Batson*, the United States Supreme Court outlined a three-step process for evaluating claims that peremptory challenges have been exercised in a manner violative of the Equal Protection Clause. First, the opponent of the peremptory challenge must make a prima facie showing that the challenge was based on race. 476 U.S. at 97, 106 S.Ct. 1712. If a sufficient showing is made, the trial court will move to the second step in the process, which requires the proponent of the challenge to provide a race neutral explanation for the challenge. *Id.* If the trial court finds that burden has been met, the process will proceed to the third step, at which point the trial court must determine whether the opponent of the challenge has proved purposeful discrimination. 476 U.S. at 98, 106 S.Ct. 1712. The ultimate burden always rests with the opponent of the challenge to prove purposeful discrimination.

In addressing the second step of the process, the United States Supreme Court held that general assertions, such as a mere denial of discriminatory motive or assurance the challenges were exercised in good faith, are not sufficient to rebut a prima facie showing of a race based challenge. 476 U.S. at 97–98, 106 S.Ct. 1712. The Court noted that if such general assertions were sufficient, "the Equal Protection Clause

'would be but a vain and illusory requirement.' " 476 U.S. at 98, 106 S.Ct. 1712 (quoting *Norris v. Alabama,* 294 U.S. 587, 598, 55 S.Ct. 579, 79 L.Ed. 1074 (1935)). Accordingly, the Court, while not requiring the explanation to rise to the level of justifying the exercise of a challenge for cause, held the proponent of the strike must give a clear and reasonably specific explanation of legitimate reasons for exercising the challenge. 476 U.S. at 98 n. 20, 106 S.Ct. 1712.

Approximately nine years later, the United States Supreme Court further elaborated on the explanation required at the second step of the *Batson* process. *Purkett v. Elem,* 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995). In *Purkett,* the Court clarified that the issue at that step is the facial validity of the explanation provided by the proponent of the strike, and the explanation need not be persuasive or even plausible. 514 U.S. at 768, 115 S.Ct. 1769. The Court went so far as to state the reason does not have to make sense, and even a silly or superstitious reason may suffice because it is not until the third step of the *Batson* process that the persuasiveness of the explanation becomes relevant. *Id.* The Court noted that it is at that stage that the trial court determines whether the opponent of the strike has met the burden of proving purposeful discrimination and will probably find implausible or fantastic justifications to be pretexts for discriminatory intent. *Id.*

The Court found that the Court of Appeals for the Eighth Circuit erred by combining *Batson's* second and third steps into one, requiring that the justification tendered at the second step be not just neutral but also at least minimally persuasive.[2] The Court held that it is not until the third step of the *Batson* process, at which the trial court determines whether the opponent of the strike has carried the burden of proving purposeful discrimination, that the *persuasiveness* of the justification becomes relevant.

---

2. The Eighth Circuit found that "where the prosecution strikes a prospective juror who is a member of the defendant's racial group, solely on the basis of factors which are facially irrelevant to the question of whether that person is qualified to serve as a juror in the particular case, the prosecution must at least articulate some plausible race-neutral reason for believing those factors will somehow affect the person's ability to perform his or her duties as a juror." 25 F.3d 679, 683 (1994).

The Court surmised that the Eighth Circuit seized on the admonition in *Batson* that in order to rebut a prima facia case of a racially discriminatory challenge, a clear and specific explanation must be given of *legitimate reasons* for exercising the challenge. However, the Court explained that warning was meant to refute the notion that a proponent of a strike could satisfy the burden of providing a race neutral explanation for the strike by merely denying a discriminatory motive or by asserting it was made in good faith.[3] 514 U.S. at 769, 115 S.Ct. 1769. The Court further explained that while in order to be *legitimate*, the reason need not make sense, it must be *legally sufficient* such that it does not deny equal protection. *Id.*

A more recent decision of the United States Supreme Court on the *Batson* front indicates the Court did not, in *Purkett*, abandon the requirement set forth in *Batson* that at the second stage of the *Batson* process a proponent of a strike "give a clear and reasonably specific explanation of his legitimate reasons for exercising the challenge." *Miller–El v. Dretke*, 545 U.S. 231, 125 S.Ct. 2317, 162 L.Ed.2d 196 (2005).

Indeed, courts in other jurisdictions have found *Batson* error at the second step of the analysis, post-*Purkett*, on the ground that the explanation given was not sufficiently clear and specific to provide a factual basis *that courts can review for legitimacy*. *Moeller v. Blanc*, 276 S.W.3d 656 (Tex.App. 2008). *See e.g., Robinson v. U.S.*, 878 A.2d 1273 (D.C.2005)(finding prosecutor's statement that he "just didn't like" the stricken venireperson did not furnish the clear and reasonably specific explanation of his legitimate reasons for striking that juror that was required); *People v. Carillo*, 9 A.D.3d 333, 780 N.Y.S.2d 143 (N.Y.App.Div.2004)(finding prosecutor's explanation that his peremptory challenge of a prospective juror was not based on anything in particular, he "just did not get a good feel from her," "amounted to, in essence, no explanation at all"); *Zakour v. UT Med. Grp.*,

---

**3.** In *State v. Adams*, 322 S.C. 114, 470 S.E.2d 366 (1996), this Court adopted the "standard" delineated in *Purkett*, noting that pursuant to that standard, the proponent of the peremptory challenges "will not have any burden of presenting reasonably specific, legitimate explanations for the strikes," but instead need only present a racially neutral explanation.

*Inc.*, 215 S.W.3d 763 (Tenn.2007)(finding explanation that six prospective female jurors were stricken because of their body language, without providing more detail, was not clear, reasonably specific, legitimate and reasonably related to the particular case being tried).

Addressing "gut feeling" explanations, the Louisiana Supreme Court found that such an explanation, standing alone, does not constitute a race neutral explanation because it is ambiguous and "falls far short of an articulable reason that enables the trial judge to assess the plausibility of the proffered reason for striking a potential juror. Whatever is causing the 'gut feeling' should be explained for proper evaluation of the proffered reason." *Alex v. Rayne Concrete Svc.*, 951 So.2d 138, 153 (La.2007). The Louisiana Supreme Court held the neutral explanation must be clear, reasonably specific and legitimate in order for the opponent of the strike to have a full and fair opportunity to demonstrate pretext in the reason given for the peremptory strike. *Id.* The court further held a clear, reasonably specific and legitimate reason is necessary for the trial court to fulfill its duty to assess the plausibility of the proffered reason for striking the potential juror in light of all the evidence with a bearing on it; therefore, it is essential that the proponent of the peremptory strike fully articulate the reason so that a proper assessment can be made. *Id.* The court observed that " '[r]ubber stamp' approval of any non-racial explanation, no matter how whimsical or fanciful, would destroy [*Batson* ]'s objective to ensure that no citizen is disqualified from jury service because of his race. 'If trial courts were required to find any reason given not based on race satisfactory, only those who admitted point-blank that they excluded veniremen because of their race would be found in violation of the Fourteenth Amendment's guarantee of equal protection.' " 951 So.2d at 154 (quoting *State v. Collier*, 553 So.2d 815 (La.1989)).

We likewise find, based on a harmonization of *Batson, Purkett* and *Miller–El*, that in order for the explanation provided by the proponent of a peremptory challenge at the second stage of the *Batson* process to be legally sufficient and not deny the opponent of the challenge, as well as the trial court, the ability to safeguard the right to equal protection, it need not be persuasive, or even plausible, but it must be clear

22

and reasonably specific such that the opponent of the challenge has a full and fair opportunity to demonstrate pretext in the reason given and the trial court to fulfill its duty to assess the plausibility of the reason in light of all the evidence with a bearing on it. Reasonable specificity is necessary because comparison to other members of the venire for purposes of a disparate treatment analysis, which is often used at the third step of the *Batson* process to determine if purposeful discrimination has occurred, is impossible if the proponent of the challenge provides only a vague or very general explanation. The explanation given may in fact be implausible or fantastic, as noted in *Purkett*, but it may not be so general or vague that it deprives the opponent of the challenge of the ability to meet the burden to show, or the trial court of the ability to determine whether, the reason given is pretextual. The proponent of the challenge must provide an objectively discernible basis for the challenge that permits the opponent of the challenge and the trial court to evaluate it. The trial judge need not proceed to step three of the *Batson* process when no constitutionally permissible reason has been proffered at step two.[4]

■ Turning now to the facts of this case, it is difficult to determine whether the trial court proceeded to the third step of the *Batson* process. While the trial court asked the State to respond to the explanation given by petitioner for the strikes, which would indicate the court was proceeding to the third step of the process, the ruling of the trial court, both initially and when clarified after the selection of the new jury panel, indicates the trial court ultimately concluded petitioner's explanation for the strikes was not sufficient to move to the third step of the process. For instance, the trial court stated the reason given by petitioner, while race neutral, gave the court "nothing on which to determine whether or not it was [pretextual]" and was "not a sufficient reason to allow the strikes to stand against a *Batson* motion." The trial court, noting the explanation must be clear and reasonably specific, found "if that can be satisfied by simply saying the jury wasn't

---

4. To the extent we held in *Adams, supra,* that the proponent of a peremptory challenge has no burden of presenting a reasonably specific and legitimate explanation for the challenge at the second step of the *Batson* process, that decision is overruled.

right ... *Batson* would have no meaning whatsoever." Following selection of the new jury panel, the trial court elaborated, stating, "The explanation of a strike[,] which is step two was where we were and I found that the explanation was not right for the jury ... [while it may have been] technically, semantically, intellectually racially neutral[,] ... it does not suffice to switch it to stage three because there the burden would be on the [S]tate to show that that was a mere pretext and that would be an impossibility.... That is if the defense or one side or the other argues that someone is quote not right for the jury it would be impossible for the other side to say that they did not strike someone else who was quote not right for the jury." The trial court acknowledged this Court's adoption of *Purkett* in *Adams,* but stated, "I still think there must be some reason and I think that someone is not right for the jury is no reason."

We find the trial court's conclusion was correct. The explanation given by petitioner was, as the trial court correctly found, "technically, semantically and intellectually racially neutral," but was not race neutral for *Batson* purposes. The explanation offered by petitioner fell far short of an articulable reason that would enable the trial court, in the third step of the *Batson* process, to assess the plausibility of the proffered reason for striking the potential jurors. Instead of being clear and reasonably specific, the reason given by petitioner was very general and based entirely on his overall subjective dissatisfaction with the venirepersons. As such, in the *Batson* context, petitioner provided no reason at all. *Batson* (a clear and reasonably specific explanation of legitimate reasons for exercising the challenge must be provided at step two of the process). The trial court therefore properly concluded that petitioner failed to meet the requirements for moving the *Batson* inquiry to the third step and that the State's *Batson* motion should be granted.

**AFFIRMED.**

PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.