**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tonya Mcalhaney, Appellant.

Appellate Case No. 2014-000255

―――――――――

Appeal From Hampton County
Brooks P. Goldsmith, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2015-UP-564
Submitted October 1, 2015 – Filed December 23, 2015

―――――――――

**AFFIRMED**

―――――――――

Appellate Defender Tiffany Lorraine Butler, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Megan Harrigan Jameson, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

―――――――――

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 220(c), SCACR (stating an "appellate court may affirm any

ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal"); *State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. McDonald*, 343 S.C. 319, 325, 540 S.E.2d 464, 467 (2000) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law . . . ." (alteration by court) (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))); *State v. Wilson*, 345 S.C. 1, 6, 545 S.E.2d 827, 829 (2001) ("If there is any evidence to support the admission of the bad act evidence, the trial [court's] ruling will not be disturbed on appeal."); *Anderson v. State*, 354 S.C. 431, 435, 581 S.E.2d 834, 836 (2003) ("Evidence of other crimes is admissible under the res gestae theory when the other actions are so intimately connected with the crime charged that their admission is necessary for a full presentation of the case."); *State v. Martucci*, 380 S.C. 232, 258, 669 S.E.2d 598, 612 (Ct. App. 2008) ("Under [the res gestae theory], it is important that the temporal proximity of the prior bad act be closely related to the charged crime."); *State v. McGee*, 408 S.C. 278, 288, 758 S.E.2d 730, 735 (Ct. App. 2014) (holding that when "the uncharged offense is so linked together in point of time and circumstances with the crime charged that one cannot be fully shown without the other . . . [and is thus] part of the res gestae of the crime charged[,]" evidence of the uncharged act is admissible (first and second alterations by court) (quoting *State v. Adams*, 322 S.C. 114, 122, 470 S.E.2d 366, 370-71 (1996), *overruled on other grounds by State v. Giles*, 407 S.C. 14, 754 S.E.2d 261 (2014))); *State v. Pagan*, 369 S.C. 201, 211, 631 S.E.2d 262, 267 (2006) ("Evidence of other crimes, wrongs, or acts is generally not admissible to prove the defendant's guilt for the crime charged. Such evidence is, however, admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident or intent."); *State v. Benjamin*, 345 S.C. 470, 479-80, 549 S.E.2d 258, 263 (2001) (holding evidence of a defendant's subsequent bad act was admissible to show the defendant's intent during the commission of the charged crime).

**AFFIRMED.**[1]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.