**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Quanell Marquan McIlwain, Appellant.

Appellate Case No. 2014-002539

———————

Appeal From Lancaster County
Brian M. Gibbons, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-502
Submitted October 1, 2016 – Filed December 7, 2016

———————

**AFFIRMED**

———————

Appellate Defender David Alexander, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, Senior Assistant
Deputy Attorney General Donald J. Zelenka, all of
Columbia; and Solicitor Randy E. Newman, Jr., of
Lancaster, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: *State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002) ("The

admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Walker*, 366 S.C. 643, 656, 623 S.E.2d 122, 129 (Ct. App. 2005) ("An abuse of discretion occurs when a trial court's decision is unsupported by the evidence or controlled by an error of law."); *State v. Wilson*, 345 S.C. 1, 6, 545 S.E.2d 827, 829 (2001) ("If there is any evidence to support the admission of the bad act evidence, the trial [court's] ruling will not be disturbed on appeal."); *Anderson v. State*, 354 S.C. 431, 435, 581 S.E.2d 834, 836 (2003) ("Evidence of other crimes is admissible under the res gestae theory when the other actions are so intimately connected with the crime charged that their admission is necessary for a full presentation of the case."); *State v. Martucci*, 380 S.C. 232, 258, 669 S.E.2d 598, 612 (Ct. App. 2008) ("Under [the res gestae] theory, it is important that the temporal proximity of the prior bad act be closely related to the charged crime."); *State v. McGee*, 408 S.C. 278, 288, 758 S.E.2d 730, 735 (Ct. App. 2014) (providing an uncharged offense is part of the res gestae of the crime charged when the "uncharged offense is so linked together in point of time and circumstances with the crime charged that one cannot be fully shown without proving the other" (quoting *State v. Adams*, 322 S.C. 114, 122, 470 S.E.2d 366, 371 (1996), *overruled on other grounds by State v. Giles*, 407 S.C. 14, 754 S.E.2d 261 (2014)); *State v. Wood*, 362 S.C. 520, 529, 608 S.E.2d 435, 440 (Ct. App. 2004) (declining to reach the Rule 404(b), SCRE, argument because the res gestae analysis was dispositive); *State v. Dennis*, 402 S.C. 627, 636, 742 S.E.2d 21, 26 (Ct. App. 2013) ("[E]vidence considered for admission under the res gestae theory must satisfy the requirements of Rule 403 of the South Carolina Rules of Evidence."); *State v. Braxton*, 343 S.C. 629, 634, 541 S.E.2d 833, 836 (2001) ("[T]estimony stating [witness] knew appellant possessed a nine millimeter pistol was relevant as it tended to identify appellant as the possessor of the murder weapon, a nine millimeter pistol. The identity of the user of the murder weapon was the critical issue at trial. Accordingly, the probative value of this portion of [witness]'s testimony substantially outweighed any claim of undue prejudice.") (citation omitted).

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.