**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Brandon Jermaine Benson, Appellant.

Appellate Case No. 2015-002483

Appeal From Pickens County
Perry H. Gravely, Circuit Court Judge

Unpublished Opinion No. 2017-UP-421
Submitted October 1, 2017 – Filed November 8, 2017

**AFFIRMED**

Appellate Defender John Harrison Strom, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) (per curiam) ("In order for an issue to be preserved for appellate review, it must have

been raised to and ruled upon by the [circuit court]."); *State v. Prioleau*, 345 S.C. 404, 411, 548 S.E.2d 213, 216 (2001) ("[A] party may not argue one ground at trial and an alternate ground on appeal.").[1]

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] Even if this issue had been preserved, we note Brandon Jermaine Benson failed to carry his burden of showing the State's race-neutral explanation for striking the juror was mere pretext. *See State v. Giles*, 407 S.C. 14, 18, 754 S.E.2d 261, 263 (2014) (providing the ultimate burden to prove purposeful discrimination remains at all times with the party asserting the *Batson* challenge); *State v. Inman*, 409 S.C. 19, 27, 760 S.E.2d 105, 108–09 (2014) (explaining that after a race-neutral reason for the strike is given, the burden shifts back to the party asserting the *Batson* challenge to prove purposeful discrimination); *State v. Garris*, 394 S.C. 336, 352–53, 714 S.E.2d 888, 897 (Ct. App. 2011) ("Once the proponent states a reason that is race-neutral, the burden is on the party challenging the strike to show the explanation is mere pretext . . . ." (quoting *State v. Evins*, 373 S.C. 404, 415, 645 S.E.2d 904, 909 (2007))).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.