**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Donald King Pollock, Appellant.

Appellate Case No. 2022-000485

———————————

Appeal From Spartanburg County
Grace Gilchrist Knie, Circuit Court Judge

———————————

Unpublished Opinion No. 2025-UP-422
Submitted November 1, 2025 – Filed December 23, 2025

———————————

**AFFIRMED**

———————————

Jack B. Swerling, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Barry J. Barnette, of Spartanburg, all for Respondent.

———————————

**PER CURIAM:** Donald King Pollock appeals his convictions for second-degree criminal sexual conduct with a minor and two counts of third-degree criminal sexual conduct with a minor, and consecutive sentences of fifteen years' imprisonment with one of the fifteen-year sentences suspended upon the service of

five years' probation.  On appeal, Pollock argues the trial court erred when it found a gender-based *Batson v. Kentucky*[1] violation with respect to one of the defense's peremptory juror challenges.  We affirm pursuant to Rule 220(b), SCACR.

Initially, we hold the trial court followed the correct *Batson* procedure at trial.  *See State v. Weatherall*, 431 S.C. 485, 493, 848 S.E.2d 338, 343 (Ct. App. 2020) ("The trial court's findings regarding purposeful discrimination are accorded great deference and will be set aside on appeal only if clearly erroneous." (quoting *State v. Blackwell*, 420 S.C. 127, 148, 801 S.E.2d 713, 724 (2017))); *State v. Cochran*, 369 S.C. 308, 312, 631 S.E.2d 294, 297 (Ct. App. 2006) ("This standard of review, however, is premised on the trial court following the mandated procedure for a *Batson* hearing."); *id*. ("Where the assignment of error is the failure to follow the *Batson* hearing procedure, we must answer a question of law."); *id.* at 312-13, 631 S.E.2d at 297 ("When a question of law is presented, our standard of review is plenary."); *State v. Giles*, 407 S.C. 14, 18, 754 S.E.2d 261, 263 (2014) (finding that to evaluate a claim that a peremptory challenge violated the Equal Protection Clause, (1) "the opponent of the peremptory challenge must make a prima facie showing that the challenge was based on race," (2) "the proponent of the challenge provide a race[-]neutral explanation for the challenge," and (3) the "trial court must determine whether the opponent of the challenge has proved purposeful discrimination").

Next, we hold the trial court did not err in granting the State's *Batson* motion and quashing the jury.  *See State v. Edwards*, 384 S.C. 504, 509, 682 S.E.2d 820, 822 (2009) ("Whether a *Batson* violation has occurred must be determined by examining the totality of the facts and circumstances in the record."); *id*. ("Appellate courts give the trial [court]'s finding great deference on appeal and review the trial [court]'s ruling with a clearly erroneous standard."); *id*. ("The opponent of the strike carries the ultimate burden of persuading the trial court that the challenged party exercised strikes in a discriminatory manner.").  First, Pollock exercised eight of his ten peremptory strikes against females; thus, the State made the necessary prima facie showing.  *See State v. Adams*, 322 S.C. 114, 124, 470 S.E.2d 366, 372 (1996) ("[T]he trial [court] must hold a *Batson* hearing when members of a cognizable racial group or gender are struck and the opposing party requests a hearing."), *overruled in part by Giles*, 407 S.C. at 14, 754 S.E.2d at 261. Second, Pollock's explanation that he was concerned about the juror's

---

[1] 476 U.S. 79 (1986) (outlining a three-step process for evaluating claims that peremptory challenges were exercised in a manner violating the Equal Protection Clause).

comprehension of English was clear, reasonably specific, and gender neutral on its face. *See Giles*, 407 S.C. at 18, 754 S.E.2d at 263 (holding that the second step of the *Batson* analysis requires the proponent of the challenge to provide a gender-neutral explanation for the challenge); *id.* at 21-22, 754 S.E.2d at 265 (finding the explanation for the second step of the *Batson* test must "be clear and reasonably specific such that the opponent of the challenge has a full and fair opportunity to demonstrate pretext in the reason given and the trial court to fulfill its duty to assess the plausibility of the reason in light of all the evidence"); *State v. Wright*, 354 S.C. 48, 55, 579 S.E.2d 538, 542 (Ct. App. 2003) (finding the State's explanation—that the juror had a "heavy accent" and it was "unsure as to her command of the English language"—was a race-neutral reason), *overruled in part on other grounds by State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005). Third, the trial court determined the State met its burden to prove Pollock's reasoning was mere pretext because the State demonstrated Pollock's explanation was "fundamentally implausible." *See Edwards*, 384 S.C. at 508-09, 682 S.E.2d at 823 (finding that in the third step of the *Batson* analysis, "[t]he opponent must show the race or gender-neutral explanation was mere pretext, which is generally established by showing the party did not strike a similarly situated member of another race or gender"); *id.* ("Under some circumstances, the explanation given by the proponent may be so fundamentally implausible the trial [court] may determine the explanation was mere pretext, even without a showing of disparate treatment."); *id.* at 509, 682 S.E.2d at 823 ("The trial [court]'s findings of purposeful discrimination rest largely on his evaluation of demeanor and credibility."); *id.* ("Often the demeanor of the challenged attorney will be the best and only evidence of discrimination, and an 'evaluation of the [attorney's] mind lies peculiarly within a trial [court]'s province.'" (quoting *Hernandez v. New York*, 500 U.S. 352, 365 (1991))); *id.* ("Furthermore, a strike must be examined in light of the circumstances under which it is exercised, including an examination of the explanations offered for other strikes.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.