**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Dywain Ca Mel McKenzie, Appellant.

Appellate Case No. 2024-000741

———————

Appeal From Sumter County
George M. McFaddin, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-064
Submitted January 2, 2026 – Filed February 11, 2026

———————

**AFFIRMED**

———————

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Respondent.

———————

**PER CURIAM:** Dywain Ca Mel McKenzie appeals his convictions for two counts of armed robbery and consecutive sentences of twenty years' imprisonment.

On appeal, McKenzie argues the trial court erred by granting the State's *Batson*[1] motion because he provided non-discriminatory reasons for utilizing his peremptory strikes and the State failed to prove his reasons were pretextual. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not err by granting the State's *Batson* motion and quashing the jury. *See State v. Weatherall*, 431 S.C. 485, 493, 848 S.E.2d 338, 342-43 (Ct. App. 2020) ("In criminal cases, appellate courts sit to review errors of law only, and are therefore bound by the trial court's factual findings unless clearly erroneous." (quoting *State v. Robinson*, 410 S.C. 519, 526, 765 S.E.2d 564, 568 (2014))); *State v. Blackwell*, 420 S.C. 127, 148, 801 S.E.2d 713, 724 (2017) ("The trial court's findings regarding purposeful discrimination are accorded great deference and will be set aside on appeal only if clearly erroneous." (quoting *State v. Haigler*, 334 S.C. 623, 630, 515 S.E.2d 88, 91 (1999))); *Haigler*, 334 S.C. at 628, 515 S.E.2d at 90 ("The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits the striking of a venireperson on the basis of race."); *Georgia v. McCollum*, 505 U.S. 42, 59 (1992) ("[T]he Constitution prohibits a criminal defendant from engaging in purposeful discrimination on the ground of race in the exercise of peremptory challenges."); *Weatherall*, 431 S.C. at 494, 848 S.E.2d at 343 ("In order to establish a prima facie case of discrimination, the challenging party must show (1) that the prospective juror was a member of a protected group; (2) that the [proponent] exercised peremptory challenges to remove members of the group from the jury; and (3) that these facts and other relevant circumstances raise an inference that the [proponent] used peremptory challenges to exclude the prospective juror from the jury on account of their group."); *State v. Giles*, 407 S.C. 14, 18, 754 S.E.2d 261, 263 (2014) ("In *Batson*, the United States Supreme Court outlined a three-step process for evaluating claims that peremptory challenges have been exercised in a manner violative of the Equal Protection Clause."); *State v. Heyward*, 357 S.C. 577, 580, 594 S.E.2d 168, 169 (Ct. App. 2004) ("[I]f the [trial] court finds a juror has been struck in violation of *Batson*, our supreme court has mandated that the [trial] court strike the entire jury and begin the jury selection process de novo.").

First, McKenzie exercised eight of his nine peremptory strikes to strike potential white jurors; thus, the State made the necessary prima facie showing. *See Giles*, 407 S.C. at 18, 754 S.E.2d at 263 ("First, the opponent of the peremptory challenge must make a prima facie showing that the challenge was based on race."). Second, McKenzie's explanations that he struck one juror due to his relationship with the

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

insurance industry and a second juror due to her employment as a nurse were clear, reasonably specific, and racially neutral reasons on their face. *See id.* ("[T]he second step . . . requires the proponent of the challenge to provide a race neutral explanation for the challenge."); *id.* at 22, 754 S.E.2d at 265 ("The explanation . . . may not be so general or vague that it deprives the opponent of the challenge of the ability to meet the burden to show, or the trial court the ability to determine whether, the reason given is pretextual.").

Third, the State met its burden to prove McKenzie's explanations were mere pretexts by showing he did not strike similarly situated jurors who were of a different race. *See id.* at 18, 754 S.E.2d at 263 ("[At] the third step, . . . the trial court must determine whether the opponent of the challenge has proved purposeful discrimination."); *id.* ("The ultimate burden always rests with the opponent of the challenge to prove purposeful discrimination."); *State v. Edwards*, 384 S.C. 504, 508-09, 682 S.E.2d 820, 822 (2009) (holding that under the third step of the *Batson* test "[t]he opponent must show the race or gender[-]neutral explanation was mere pretext, which is generally established by showing the party did not strike a similarly situated member of another race or gender"); *id.* at 509, 682 S.E.2d at 823 ("The trial [court]'s findings of purposeful discrimination rest largely on [its] evaluation of demeanor and credibility."); *id.* ("Often the demeanor of the challenged attorney will be the best and only evidence of discrimination, and an 'evaluation of the [attorney's] mind lies peculiarly within a trial [court]'s province.'" (first alteration in original) (quoting *Hernandez v. New York*, 500 U.S. 352, 365 (1991))); *id.* ("Furthermore, a strike must be examined in light of the circumstances under which it is exercised, including an examination of the explanations offered for other strikes.").

**AFFIRMED.**[2]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.